UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DOREEN ANNETTE WATSON, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SOCIETE NATIONALE INDUSTRIELLE AEROSPATIALE, et al., <br><br> Defendants. | CASE NO. CIV S-03-592 LKK DAD <br><br> ORDER GRANTING MOTION FOR DETERMINATION OF GOOD FAITH PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6(a)(2) <br><br> Date: October 24, 2005 <br> Time: 10 a.m. <br> Dept: 4 <br> Judge: Hon. Lawrence K. Karlton |

Defendants PITT HELICOPTERS, INC., a Nevada Corp.; MOUNTAIN LIFE FLIGHT, L.P., a California Limited Partnership; MOUNTAIN E.M.S., INC., a California Corp.; and DAVID REGER, individually and d/b/a MOUNTAIN AVIATION SERVICES have filed a motion for a finding that a settlement is "in good faith" pursuant to Section 877.6(a)(2) of the California Code of Civil Procedure.

The settlement is between the following Parties: Plaintiff DOREEN ANNETTE WATSON, individually and as successor-in-interest to the Estate of Raymond E. Watson, II, deceased, and Defendants PITT HELICOPTERS, INC., a Nevada Corp.; MOUNTAIN LIFE FLIGHT, L.P., a California Limited Partnership; MOUNTAIN E.M.S., INC., a California Corp.; DAVID REGER, individually and d/b/a MOUNTAIN AVIATION SERVICES; and a number of other Releasors and Releasees listed in the Settlement Agreement.

After reviewing all papers filed in this matter, including the supporting evidentiary declarations, and good cause appearing, the Court hereby GRANTS the Motion, making the following specific determinations and orders:

1.  The Settlement Agreement attached as Exhibit "3" to the Attorney Stephen Nelson Declaration is hereby APPROVED, and the parties are hereby ORDERED to comply with all terms of the Agreement.

2.  The settlement contained in Exhibit "3" to the Nelson Declaration is hereby found to have been made and entered into in "good faith" between the parties to the Agreement, within the meaning and effect of Section 877.6 of the California Code of Civil Procedure, because: a) the settlement amount is the full limit of the liability insurance policy available to the settling defendants; b) the settling defendants have no other applicable liability insurance available to pay any judgment for damages in this action; c) the settlement is within the "ball park" of an approximation of the settling defendants' anticipated proportionate liability for any damages which may be awarded to plaintiffs; d) the settling defendants should pay less in settlement of the claims against them than they might be required to pay if the are

WATSON v. S.N.I.A., et al.; Case No. CIV-S-03-592 LKK DAD;
ORDER GRANTING MOTION FOR FINDING OF GOOD FAITH                    -2-

    found liable after a contested trial; and e) the settlement was reached through a process of arms length negotiation between adversaries and was not the result of any collusion, fraud, tortious or other improper conduct by the parties or their attorneys.

3. Any claims by alleged joint tortfeasors for contribution or indemnity based on comparative negligence or comparative fault are hereby barred against the Releasees in the Settlement Agreement and Full and Final Release of All Claims that was included in the moving papers for this Motion as Exhibit "3" to the Nelson Declaration.

4. The sum of money described in the Agreement payable to Plaintiff constitutes damages on account of personal injuries or sickness.

5. Each side shall bear their own fees and costs in this action.

6. For all purposes, including enforcement of the rights and responsibilities of the parties, this Court reserves all necessary personal and subject matter jurisdiction over the settling parties and this action until all claims arising from the subject accident are

completed, and all appeals, if any, are exhausted and appeal times expired.

IT IS SO ORDERED.

DATED: November 1, 2005

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

APPROVED AS TO FORM AND CONTENT this 21 day of September 2005.

/s/ Michael J. Harrington
Michael J. Harrington, Esq.
Attorney for DOREEN WATSON, Plaintiff

APPROVED AS TO FORM AND CONTENT this 22 day of September 2005.

BAILEY AND PARTNERS, P.C.


By: /s/ Stephen L. Nelson
    Stephen L. Nelson, Esq.

    Attorneys for PITT HELICOPTERS, INC., a Nevada Corporation, Defendant

APPROVED AS TO FORM AND CONTENT this 21 day of September, 2005.

KENNEY & MARKOWITZ, L.L.P.


By: /s/ Harvey T. Elam
    Donald Honigman, Esq.
    Harvey Elam, Esq.

    MOUNTAIN LIFE FLIGHT, L.P., a California Limited Partnership; MOUNTAIN E.M.S., INC., a California Corp.; and DAVID R. REGER, individually, and d/b/a MOUNTAIN AVIATION SERVICES, Defendants;  and ERIK K. DUARTE, Releasee